```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Embassy Software Corporation

     v.                 Civil No. 06-cv-00391-JL

eCopy, Inc.

## PROCEDURAL ORDER ON
## PENDING DISPOSITIVE MOTION

     In a recently decided copyright infringement case, the First Circuit Court of Appeals stated:

> [W]hen a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) involves factual questions, the court engages in a two-part inquiry.
>
> <u>First, the court must determine whether the relevant facts, which would determine the court's jurisdiction, also implicate elements of the plaintiff's cause of action</u>. *See Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) ("On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of the plaintiff's cause of action.") **"<u>[W]here ... 'the jurisdictional issue and substantive claims are so intertwined the resolution of the jurisdictional questions is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment.'"</u>** *Autery v. United States,* 424 F.3d 944, 956 (9th Cir. 2005) (quoting *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)). . . .
>
>                * * * * *
>
>      Second, if the facts relevant to the jurisdictional inquiry are not intertwined with the merits of the plaintiff's claim, "the trial court may proceed as it never could under 12(b)(6) or [Federal

> Rule of Civil Procedure 56]. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *see also Scarfo* 175 F.3d at 961 (holding that whether the defendants in an employment discrimination case constituted an employer under Title VII was not an element of the cause of action, and thus the district court should weigh the evidence and find the facts necessary to resolve the 12(b)(1) motion).
>
> In cases like this one, then, where the defendant makes a 12(b)(1) motion to dismiss, the parties should submit evidence, much as they would for a summary judgment motion, and the court should determine whether the dispute over the origins and validity of the deposit copy implicates the merits of the plaintiff's claim.

Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162-63 (1st Cir. 2007) (emphasis added) (footnote omitted). Although this is a Rule 12(c) (as opposed to Rule 12(b)) motion, this is just such a case, as the parties have implicitly recognized by attaching exhibits to their motion papers. The "jurisdictional issue and substantive claims are so intertwined the resolution of the jurisdictional question is dependant on factual issues going to the merits . . . ." Id. at 163.

Thus, the court will treat the defendant's motion for judgment on the pleadings as, and apply the standard applicable to, a motion for summary judgment.

While the court views the thrust of the defendant's legal argument--that the copyright registration at issue is invalid

because Old Embassy "did not exist" due to its administrative dissolution--as somewhat dubious, the plaintiff has been something of a moving target. For example, plaintiff's counsel amended the original complaint to substitute a new plaintiff, New Embassy, for the original plaintiff, Old Embassy. But the amended complaint and the Opposition to Defendant's Motion for Judgment on the Pleadings do little to clarify who or what owns the copyright to G2. The amended complaint states that "Tidd assigned all right, title, and interest in the intellectual property in G2 to a newly-formed corporation, [New Embassy]," and that New Embassy holds the registered copyright to G2. The plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings, however, makes reference to a "2007 rescission of the 2005 assignments by Jeffrey and James to Old Embassy," which the court assumes was meant to "set up" the subsequent assignment to New Embassy. Nothing in the amended complaint, however, makes any reference to the "2007 rescission of the 2005 assignments," or even alleges that that rescission took place. The exhibits attached to the opposition also fail to establish that rescission.

Simply put, even if the court rejects the legal theory underlying the defendant's motion on the pleadings, it would not follow that this court has subject matter jurisdiction, because

it is not clear that the plaintiff, New Embassy, possesses the copyright to G2, regardless of its validity.

In a copyright infringement case, like all cases, "[i]t is the plaintiff's burden to prove the existence of subject matter jurisdiction." Morgan, Inc. v. White Rock Distilleries, Inc., 230 F.Supp.2d 104, 105 (D.Me. 2002) (citing Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996)).  Thus, the plaintiff is ordered to file, no later than **November 6, 2008**, a Second Amended Complaint clearly alleging facts establishing the proper claimants with respect to, and the actual possessors of, the G2 copyright during the entire period relevant to this litigation. On or before **November 17, 2008**, the parties may file memoranda, supplementing (and, if necessary, modifying) their positions in light of the plaintiff's Second Amended Complaint, addressing the issue underlying the defendant's motion for judgment on the pleadings:  whether this court has subject matter jurisdiction in this case.  The memoranda may not exceed 10 pages in length, but may include any affidavits or other exhibits the parties deem helpful to their arguments.

The hearing currently scheduled for November 12, 2008, on the motion for judgment on the pleadings shall be removed from the court calendar by the deputy clerk, and will be rescheduled at a later date.  This order does not preclude future summary judgment motions as contemplated by the Discovery Plan.

**SO ORDERED.**

/s/ Joe Laplante
_____
Joseph N. Laplante
United States District Judge

Dated:   October 30, 2008

cc:   Lawrence D.W. Graves, Esq.
      Thomas J. Donovan, Esq.
      Jeremy T. Walker, Esq.
      Jonathan W. Lent, Esq.
      Mark S. Puzella, Esq.